UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEDEON JOSEPH, #71698-018,

    Petitioner,                          Civil Action No. 23-cv-11390
                                             HON. BERNARD A. FRIEDMAN

vs.

JONATHAN HEMINGWAY,

    Respondent.
_____/

**OPINION AND ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS THE PETITION FOR A WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION**

I.    Introduction

Gedeon Joseph filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). He challenges his conviction, upon pleading guilty, to brandishing a firearm in furtherance of a crime of violence. 18 U.S.C. § 924(c).

Before the Court is the government's motion to dismiss the petition for lack of subject matter jurisdiction.[1] (ECF No. 6). The Court will decide the motion without a hearing pursuant to E.D. Mich. LR 7.1(f)(2). For the following reasons,

---

[1] The Court will decide the motion without a response from Joseph since it may dismiss the petition for lack of subject matter jurisdiction *sua sponte*. *See Estacio v. Gilley*, No. 21-5813, 2022 U.S. App. LEXIS 7879, at *2-3 (6th Cir. Mar. 24, 2022) (affirming *sua sponte* dismissal of section 2241 habeas petition on jurisdictional grounds).

(1) the motion is granted, and (2) the petition is dismissed because the Court lacks subject matter jurisdiction.

II.     Background

    *A.     Factual History*

On December 24, 2018, Joseph and two accomplices robbed a restaurant located in Sunrise, Florida. (S.D. Fla. Case No. 19-60055, ECF No. 131, PageID.3). A grand jury indicted him for conspiracy to commit Hobbs Act robbery, Hobbs Act robbery (18 U.S.C. § 1951(a)), and brandishing a firearm in furtherance of a crime of violence (18 U.S.C. § 924(c)). (*Id.*, ECF No. 16, PageID.1-3). Joseph pled guilty to the conspiracy count and the firearm count. (*Id.*, ECF No. 39, PageID.1, ¶ 1). The government ultimately dismissed the robbery count. (*Id.*, ¶ 2; ECF No. 94, PageID.25, Tr. 25:21-22). Pursuant to his plea agreement, Joseph waived his right to challenge (1) the constitutionality of the statutes of conviction, and (2) whether the admitted conduct fell within the scope of those statutes. (*Id.*, ECF No. 39, PageID.5, ¶ 12).

A Florida district judge sentenced him to consecutive prison terms of 12 months for the conspiracy offense and 84 months for the firearm offense, for a total of 96 months. (*Id.*, ECF No. 69, PageID.2; ECF No. 94, PageID.23-24, Tr. 23:22-24:2).

2

B.   *Procedural History*

Joseph appealed his conviction on the firearm offense despite the plea agreement's appellate waiver provision. (*Id.*, ECF No. 73). Citing to intervening Supreme Court and Eleventh Circuit Court of Appeals precedents, Joseph argued that the conspiracy conviction cannot alone serve as the predicate offense to support his conviction on the firearm charge because conspiracy to commit Hobbs Act robbery is not a "crime of violence" under 18 U.S.C. § 924(c)(3)(A). *United States v. Joseph*, 811 F. App'x 595, 597 (11th Cir. 2020). But Eleventh Circuit dismissed the appeal, holding that the plea agreement's appellate waiver clause barred Joseph from (1) attacking the firearm offense's "constitutionality," or (2) challenging whether his predicate acts qualified as a "crime of violence." *Id.* at 598.

Joseph afterwards returned to the district court, where he moved to invalidate the firearm conviction pursuant to 28 U.S.C. § 2255. (S.D. Fla. Case No. 19-60055, ECF No. 118). On this go-around, Joseph asserted that his trial attorney failed to inform him about relevant Supreme Court authority that would have impacted his decision to plead guilty. (*Id.*, PageID.9, 21, ¶ 18). The district court rejected this contention outright.

Concluding that Joseph received effective assistance of counsel, the district court found that:

> Petitioner's claim that trial counsel failed to inform him about the *Davis* decision is belied by the record. The Supreme Court

3

> decided Davis on June 24, 2019, two months after Petitioner's change-of-plea hearing. More so, following the *Davis* decision, but prior to sentencing, trial counsel filed a motion to dismiss the § 924(c) charge (Count Three) in the Indictment on the basis that it relied on an invalid predicate offense.

(ECF No. 131, PageID.13). The district court denied the section 2255 motion and entered judgment. (*Id.*, PageID.16). Joseph never appealed.

Now, Joseph petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[2] (ECF No. 1). He seeks to overturn the firearm offense conviction, yet again, on the same grounds asserted previously.

III.   Analysis

"A federal prisoner must challenge the legality of his detention by motion under 28 U.S.C. § 2255, but may challenge the manner or execution of his sentence under 28 U.S.C. § 2241." *Wooten v. Cauley*, 677 F.3d 303, 306 (6th Cir. 2012). There is an exception, however. Section 2255's savings clause allows a prisoner to challenge his conviction or sentence under section 2241 so long as he can demonstrate "that his remedy under § 2255 is inadequate or ineffective." *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999) (per curiam); *see* 28 U.S.C. § 2255(e). The standard is a rigorous one. *United States v. Peterman*, 249 F.3d 458, 461 (6th

---

[2] Joseph filed the habeas petition in this district because he is currently incarcerated at FCI Milan, which is located in the Eastern District of Michigan. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) (requiring petitioners to file section 2241 habeas petitions "in the district of confinement.").

4

Cir. 2001); *cf. Wright v. Spaulding*, 939 F.3d 695, 698 (6th Cir. 2019). It's even tougher now that the Supreme Court decided *Jones v. Hendrix*, 143 S. Ct. 1857 (2023).

In *Jones*, the Court held that Supreme Court decisions which (1) post-date the conclusion of the petitioner's initial section 2255 proceeding, and (2) adopt a new interpretation of the statute of conviction supporting the petitioner's claim for relief, do not render section 2255's remedies "inadequate or ineffective." *Id.* at 1869. Joseph relies upon Supreme Court decisions that either pre-date the conclusion of his initial section 2255 proceeding or fall squarely within *Jones*'s parameters.[3] (ECF No. 1, PageID.13-15). So he cannot establish that the remedies afforded under section 2255 are "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). And, as a result, he may not file a section 2241 habeas petition to overturn his firearm offense conviction. *See Jones*, 143 S. Ct. at 1863.

Since Joseph may not resort to section 2241 for habeas relief, the Court lacks subject matter jurisdiction to proceed further. *See Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021) (holding that district courts lack subject matter jurisdiction "over an application for habeas under section 2241 if the petitioner could seek relief under

---

[3] Joseph also references the Fourth Circuit Court of Appeals' decision in *United States v. McKinney*, 60 F.4th 188 (4th Cir. 2023). (ECF No. 1, PageID.13-14). But *McKinney* is unhelpful to Joseph because "later circuit decisions do not," as a matter of law, "suffice to prove that an initial § 2255 motion is inadequate or ineffective to test a claim." *Hueso v. Barnhart*, 948 F.3d 324, 335 (6th Cir. 2020).

section 2255, and either has not done so or has done so unsuccessfully."). Accordingly,

IT IS ORDERED that the government's motion to dismiss the petition for a writ of habeas corpus for lack of subject matter jurisdiction (ECF No. 1) is granted.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: January 31, 2024  
Detroit, Michigan

s/Bernard A. Friedman  
Bernard A. Friedman  
Senior United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on January 31, 2024.

**Gedeon Joseph,** 71698-018  
MILAN  
FEDERAL CORRECTIONAL INSTITUTION  
Inmate Mail/Parcels  
P.O. BOX 1000  
MILAN, MI 48160

s/Johnetta M. Curry-Williams  
Case Manager